Arthub E. Blauvelt, J.
Petitioner, an inmate of Auburn Prison, was allowed a writ of habeas corpus upon his petition verified January 29, 1959. Respondent Warden of Auburn Prison made his written return to the writ, dated February 19, 1959, and pursuant to the writ produced the relator before this court on February 24, 1959, on which date a hearing was held.
Neither party to the proceeding desired to offer any oral testimony on the hearing, and the matter was submitted to the court for decision on the petition and return, documents introduced in evidence, memoranda of law filed by the parties and their oral arguments, from all of which the following appears.
Following relator’s plea of guilty on April 6, 1951, of the crime of robbery second degree in Nassau County Court, the District Attorney of that county on May 4, 1951, filed an information, pursuant to sections 1941 and 1943 of the Penal Law, accusing relator with having been previously convicted of two certain felonies. Relator acknowledged that he was the same person charged in the information with two previous felony convictions and thereupon on the said 4th day of May, 1951, pursuant to section 1941 of the Penal Law, judgment was pronounced by Nassau County Court sentencing relator to a term of imprisonment in State prison of from 15 years to 30 years, which sentence he is presently serving. One of the two prior convictions set forth in the information was a conviction in Nassau County of the crime of grand larceny second degree, upon which conviction he was sentenced on May 12, 1948 to a term of imprisonment of from 5 years to 10 years, with execution of the sentence suspended.
*759 Relator contends that having received a suspended sentence on one of the two prior felony convictions, he could not properly be sentenced on May 4, 1951, as a third felony offender. This is a correct statement of the law of this State which became settled in 1956. (People v. Shaw, 1 N Y 2d 30; People ex rel. Lozzi v. Fay, 6 A D 2d 18, affd. without opinion 5 N Y 2d 890.) However, the Shaw case and the Lozzi case are of no assistance to relator in this instant proceeding.
In the Shaw case, the court in pronouncing judgment stated: “ It is ordered and adjudged by the Court that the said Albert Shaw for the crime of Grand Larceny, 1st Deg. (2nd Count of Indictment) aforesaid, whereof he has been convicted, be imprisoned in the State Prison at Attica, N. Y. as a third felony offender, or an indeterminate sentence the minimum of which shall be not less than fifteen (15) years and the maximum of which shall be not more than twenty (20) years ”.
In the Lozzi case, the relator 11 was sentenced as a third felony offender to a term of not less than 5 years nor more than 20 years ” (p. 891).
When this relator Haag was sentenced in Nassau County Court on May 4, 1951, the following judgment was pronounced: “ it is ordered and adjudged by the Court that for the crime of robbery, second degree, the first count of the indictment, to which you have pleaded guilty and on which you stand convicted, that you, George Francis Haag, be imprisoned in Sing Sing Prison at Ossining, New York, at hard labor under an indeterminate sentence, the maximum of such imprisonment to be 30 years and the minimum to be 15. years.”
No mention was made in the judgment pronounced upon Haag by the court of any prior conviction and the judgment of conviction is the sentence of the court as entered in the minutes. (People v. Bradner, 107 N. Y. 1,11; Code Crim. Pro., § 485.) It appears affirmatively from the record that relator Haag was not sentenced as a third felony offender, although necessarily his previous criminal history was before the court by reason of the information filed by the District Attorney, pursuant to the mandate of section 1943 of the Penal Law, and the probation report referred to at page 3 of the minutes of sentence. As was stated by Judge Ftjld in the dissenting opinion in the Shaw case (p. 41) referring to the determination of that case by the majority of the Court of Appeals: “But, the court acknowledges, if a defendant is charged, by the section 1943 information and by the sentencing judge, simply with ‘ having been previously convicted of two felonies,’ and not expressly *760 labeled a ‘ third ’ offender, the resulting heavier sentence imposed pursuant to section 1941 will be upheld as proper ’ For the reasons stated, the writ of habeas corpus must be dismissed and relator remanded to the custody of respondent Warden of Auburn Prison.
Submit order.